## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STILTON INTERNATIONAL HOLDINGS LIMITED, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | C.A. No. 08-361-JJF |
| CIS FINANCIAL SERVICES, INC. and CARGILL, INCORPORATED, | ) ) ) | **PUBLIC VERSION** |
| Respondents. | ) ) ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

OF COUNSEL:

Bruce G. Paulsen
Jeffrey M. Dine
Paula Odysseos
SEWARD & KISSEL LLP
1 Battery Park Plaza
New York, New York
Tel: (212) 574-1200

Kevin R. Shannon (#3137)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
kshannon@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Petitioner Stilton International Holdings Limited*

Dated: June 16, 2008
Public Version Dated: July 7, 2008
872967/33162

Petitioner Stilton International Holdings Limited ("Petitioner" or "Stilton"), by and through its undersigned attorneys, petitions this Court for an Order pursuant to Section 207 of the Federal Arbitration Act confirming an arbitration award duly executed in counterparts on May 20 and May 21, 2008 (the "Final Award"), in favor of petitioner made by a panel of three arbitrators (the "Tribunal") administered by the International Centre for Dispute Resolution ("ICDR") of the American Arbitration Association ("AAA") pursuant to the Commercial Arbitration Rules of the AAA (the "AAA Commercial Rules"), after a full hearing. A certified copy of the Final Award (as well as the AAA Commercial Rules under which the arbitration was conducted) is attached as Exhibit 1 to the Affidavit of Bruce G. Paulsen, sworn to June 13, 2008 ("Paulsen Aff."). In support of its Petition, Stilton states as follows:

### Parties

1.      Stilton is incorporated in the British Virgin Islands as an International Business Company. Stilton's principal place of business is 1 Gan Eden Bayview Lane, Paradise Island, Nassau, Bahamas.

2.      On information and belief, Respondent CIS Financial Services, Inc. ("CISFS") is a dissolved Delaware corporation with its principal place of business at 15407 McGinty Rd., Wayzata, Minnesota 55391. On information and belief, CISFS was a direct or indirect wholly owned subsidiary of Cargill, Incorporated ("Cargill," and, together with CISFS, "Respondents").

3.      On information and belief, Respondent Cargill is a Delaware corporation with its principal place of business at 15407 McGinty Rd., Wayzata, Minnesota 55391.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203 because the Final Award falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"). The Final Award arises out of a legal relationship

which is considered as commercial and such relationship is not entirely between citizens of the United States. 9 U.S.C. § 202. The Final Award was made in New York, New York.

5. In the alternative, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in that the action is between citizens of a State and a citizen or subject of a foreign state, and the amount in controversy exceeds the sum or value of $75,000.

6. Venue is properly laid in this District pursuant to 9 U.S.C. § 204, in that, save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District. In the alternative, venue is proper in this Court pursuant to 28 U.S.C. 1391(a)(1).

### The Controversy and the Final Award

7. Stilton was in the business of over-the-counter (OTC) foreign exchange (FX) trading. CISFS was engaged in the business of brokering OTC FX trades.

8. On or about October 17, 1997, Stilton entered into a Foreign Exchange Account Agreement (the "Agreement") with CISFS. A certified copy of the Agreement is attached as Exhibit 2 to the Paulsen Affidavit. The parties' agreement to arbitrate is contained in paragraph 17 of the Agreement. Paragraph 20 provides that the Agreement is governed by New York law. An Amendment to the Agreement dated December 15, 1999 and an addendum to the Agreement dated March 4, 2000 are attached to the Paulsen Affidavit as Exhibits 3 and 4, respectively.

9. Stilton conducted substantial trading in its account at CISFS pursuant to the Agreement.

10. On or about June 21, 2005, Cargill entered into a purchase and sale agreement to sell its commodities brokerage businesses to Refco Group Ltd., LLC and its subsidiaries ("Refco"). As part of the sale, Cargill agreed to "cause" the transfer of the assets of CISFS,

3

including the Agreement with Stilton, to Refco. Cargill did not sell the stock of CISFS to Refco, and CISFS remained its subsidiary.

11.    On August 31, 2005, CISFS assigned Stilton's account to Refco Capital Markets, Ltd. ("RCM"). RCM, as CISFS' assignee, acted as Stilton's broker after that date. The Agreement was not the subject of a novation or any other agreement to release CISFS from its duties and obligations under the Agreement.

12.    On or about October 10, 2005, Refco made a public announcement of accounting irregularities involving Phillip Bennett, its CEO.

13.    On October 12, 2005, Stilton withdrew $20 million from its account at RCM. Its request to transfer certain other funds out of the account to an account at a related Refco entity was not honored.

14.    On October 13, 2005, RCM declared a moratorium on trading in all accounts, including Stilton's.

15.    On October 17, 2005, RCM filed for bankruptcy protection and thereafter liquidated Stilton's account. Stilton continued to be unable to withdraw the funds in its account. Instead, it was left with a claim against RCM's bankruptcy estate.

16.    Stilton filed a proof of claim in the amount of $54 million in the RCM bankruptcy. RCM did not object to Stilton's proof of claim and it has been allowed.

17.    RCM subsequently filed a preference action in the amount of $20 million against Stilton in the Bankruptcy Court for the Southern District of New York. That action is still pending. Distributions to Stilton under the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan") have been withheld pending the resolution of the preference action.

18. On or about May 19, 2006, Cargill caused the dissolution of CISFS.

19. On or about June 20, 2007, Stilton commenced an arbitration proceeding, filing its Statement of Claim with the AAA under the AAA Commercial Rules against Respondents, alleging breach of contract and tort causes of action and seeking damages, costs and disbursements. Stilton claimed that Cargill was liable to it directly and also responsible for CISFS' breaches under alter ego and agency theories. Stilton also served a Demand for Arbitration in accordance with New York law upon CISFS and Cargill. Both CISFS and Cargill responded to the Statement of Claim and participated in the arbitration, and did not at any time assert that they contested the arbitrators' jurisdiction or were otherwise not bound to arbitrate the dispute.

20. On August 2, 2007, the AAA ICDR selected the arbitrators based on the parties' "strike and rank" selections. A copy of the arbitrators' appointment documents is attached as Exhibit 5 to the Paulsen Affidavit. There was no selection or appointment of an additional arbitrator or umpire.

21. The matter was heard by the Tribunal on March 17 and 18, 2008 pursuant to the AAA Commercial Rules, in New York, New York. All parties participated in the hearing and presented evidence.

22. The parties submitted substantial written prehearing and posthearing briefing, and a large number of exhibits were admitted in evidence at the hearing, without objection from any party. The posthearing briefs were submitted on May 2, 2008, Petitioner submitted a short letter brief to the Tribunal on May 5, and the hearing was closed, without objection, on May 6, 2008.

23. The Tribunal issued the Final Award, duly executed in counterparts on May 20 and 21, 2008. There were no extensions of the time within which to make the award.

5

24.    In the Final Award (at 3), the Tribunal found that:

> New York law governing the Agreement is clear that, absent a
> novation or specific release, the transferor/assignor of such a
> contract remains jointly and severally liable for the breaches of that
> contract by the transferee/assignee. Under the circumstances
> presented here, no novation or release of Respondents' obligations
> to Claimant [Stilton] was ever offered or even considered; and
> neither Claimant's failure to object to the transfer/assignment, nor
> the handwritten notation on Respondents' August 15, 2005, letter
> to Claimant, can relieve Respondents of their joint liability with
> Refco for Refco's breaches of the Agreement under New York
> law.

25.    The Tribunal determined (at 3) that RCM committed multiple breaches of the

Agreement, for which Respondents remained responsible:

> Claimant's damages were a direct consequence of Refco's
> breaches of the Agreement; that is, among other things, Refco's
> October 13, 2005 moratorium on trading and withdrawals;
> liquidation of the account; and failure and refusal to return the
> monies in that account to Claimant. Refco's bankruptcy limited
> Claimant's ability to recover its damages from Refco occasioned
> by the breaches of the Agreement; the bankruptcy and bankruptcy
> law neither excused those breaches nor Respondents' joint liability
> therefore.

26.    The Tribunal therefore found (Final Award at 3) that it was:

> [R]easonable to expect that Stilton will receive 43.33% of its $54
> million in damages 'from' Refco in the bankruptcy proceedings,
> leaving approximately $30.6 million due and owing from
> Respondents. (In this regard, we note that Cargill "caused" the
> transfer of the Agreement and, while both Respondents are
> responsible here, Cargill "caused" the dissolution of CISFS in
> 2006....)

27.    The Tribunal thus awarded Stilton $30.6 million, plus interest at the legal rate

(that is, 9% under New York's Civil Procedure Law and Rules) from the date of the Award.

Final Award at 4. The Final Award provides that Respondents "shall be given credit for any

monies paid to Claimant on account of its $54 million claim in the bankruptcy court in excess of

$23.4 million. *Id.* That is, Stilton is enjoined to pay to Respondents any monies it receives in

the future on account of its proof of claim in excess of 43.33% of the claim, the amount distributed to this point to holders of RCM FX claims.

28.    The Tribunal further ordered the parties to bear the administrative expenses of the ICDR as incurred and to evenly split the compensation and expenses of the Arbitrators, and set forth the amounts of such expenses and compensation. *Id.*

29.    The Final Award "is in full and complete settlement of any and all claims, counterclaims, defenses and off-sets properly submitted to the jurisdiction of the Arbitrators in this proceeding, and any claim or counterclaim not specifically granted herein is nonetheless deemed denied." *Id.*

WHEREFORE, Petitioner Stilton International Holdings Limited requests that this Court confirm the Final Award duly executed in counterparts on May 20 and 21, 2008, issue an order directing the Clerk to enter final judgment thereon, grant Petitioner its costs in this proceeding, and grant such other and further relief as it deems just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:                         By:    */s/ David E. Moore*
                                          Kevin R. Shannon (#3137)
Bruce G. Paulsen                          David E. Moore (#3983)
Jeffrey M. Dine                           1313 N. Market Street
Paula Odysseos                            Hercules Plaza, 6th Floor
SEWARD & KISSEL LLP                       P. O. Box 951
1 Battery Park Plaza                      Wilmington, DE  19899
New York, New York                        Tel:  (302) 984-6000
Tel:  (212) 574-1200                      kshannon@potteranderson.com
                                          dmoore@potteranderson.com

Dated:  June 16, 2008                     *Attorneys for Petitioner Stilton International*
Public Version Dated:  July 7, 2008       *Holdings Limited*
872967/33162

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on July 7, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on July 7, 2008, I have Electronically Mailed the document to the

following person(s):

Daniel B. Rath
Rebecca L. Butcher
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
Wilmington, DE 19801
rath@lrclaw.com
butcher@lrclaw.com

Michael B. Fisco
Will Stute
Michael M. Krauss
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
MFisco@faegre.com
WStute@faegre.com
mkrauss@faegre.com

*/s/ David E. Moore*
Kevin R. Shannon (#3137)
David E. Moore (#3983)
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
kshannon@potteranderson.com
dmoore@potteranderson.com

872980/33162